Maupin, J.,
with whom Springer, C.J., agrees, concurring and dissenting:
I would affirm the dismissal of the state RICO claims because the facts pleaded in the complaint below do not satisfy the “predicate acts” element of NRS 207.390:
“Racketeering activity” means engaging in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents ....
While references are made in Mrs. Siragusa’s complaint to a number of separate violations of the Nevada criminal code, the overall chain of events does not give rise to a “pattern” as intended by the legislature.
First, the alleged events, taken as a whole, and if found to be true, comprise an “isolated incident” designed to defraud Mrs. Siragusa of the proceeds of her marital settlement with Dr. Siragusa. The legislature, in my view, did not intend to characterize isolated individual intentional misconduct as racketeering, or create remedies over and above those existing at common law, whenever one person commits two crimes with a single purpose in mind. Here, as noted, the only purpose of the alleged acts of fraud, if they can be proved, was to deprive Mrs. Siragusa of the benefits of her marital settlement.
The majority correctly notes authorities from other states construing the phrase “ ‘Racketeering Activity’ means engaging in at least two related crimes.” (Emphasis added.) Those cases interpret this language as creating a more broadly based civil “RICO” remedy than provided under federal law. While this interpretation *1403 is certainly reasonable under well recognized principles of statutory construction, the Nevada legislature’s definition of a “pattern’ ’ does not compel or require that we adopt the positions taken by these other jurisdictions.
I believe our legislature intended to adopt a more narrow statutory construct, patterned on federal law. Under the federal cases construing the federal RICO statutory scheme, a mere showing of two criminal acts does not suffice. Rather, a plaintiff must show both “relationship” and “continuity,” to wit: that the racketeering predicate crimes be related and either constitute or threaten long-term criminal activity. See J.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989). This, I respectfully submit, was not demonstrated on this record as a matter of law.
I would therefore conclude that Mrs. Siragusa has not sufficiently stated a claim for relief under our civil RICO statute.